IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH WILDBERGER,
      Petitioner,

v.                                  Case No. 3:11cv570/MCR/CJK

MICHAEL D. CREWS,[1]
      Respondent.

_____

## ORDER and
## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1) and supporting memorandum (doc. 2). Respondent filed an answer, submitting relevant portions of the administrative record. (Doc. 14). Petitioner was invited to reply (doc. 15), but declined to do so. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the

---

[1]Michael D. Crews succeeded Edwin G. Buss and Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d).

pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a state inmate currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI"). Petitioner challenges a prison disciplinary conviction he received at Santa Rosa CI on August 16, 2011. The following facts are undisputed.

On August 7, 2011, petitioner was issued a disciplinary report ("DR") by Correctional Officer Geller, for Violation Code 1-15, Battery/Attempted/Correctional Officer. (Doc. 14, Ex. 1). The charging DR stated:

> Inmate Wildberger, Kenneth DC# 271391 is being charged with violation of F.A.C. Chapter 33-601.314 Rules of Prohibited Conduct 1-15 Battery or Attempted Battery on a Correctional Officer. On August 7, 2011 I was assigned as a Q-Dormitory Housing officer, at approximately 9:10 am I was supervising the inmates in the dayroom in Quad Two when I observed Inmate Wildberger, Kenneth DC# 271391 housed in cell Q2215S begin to argue and disrupt the dayroom. As I was attempting to escort Inmate Evans from the dayroom Inmate Wilberger [sic] spit at Inmate Evans striking me on the left side of my neck. Inmate Wildberger was ordered to cease his assaultive behavior to which he complied. Inmate Evans and Inmate Wildberger were returned to their assigned cells without further incident. The shift supervisor was notified and authorized this report. Inmate Wildberger will remain in his current status pending disciplinary team action.

(*Id*., p. 1) (DR log # 135-111005).

Petitioner received notice of the charge on August 9, 2011. (*Id*.). An investigation of the charge was initiated on August 7, 2011. (*Id*., p. 3). Petitioner declined staff assistance and refused to participate in the investigation. (*Id*.). Petitioner was provided the opportunity to give a written statement of his version of

the incident, but refused to do so. (*Id*., p. 4). On the Witness Disposition form, petitioner refused to participate, did not indicate that he had any witnesses, and did not identify any witnesses. (*Id*., p. 5). The investigating officer obtained a witness statement from Inmate Evans which reads: "I was told that inmate Wildberger was a snitch and he caused problems when he was here in 2004 and that if I taught him a lesson, I'd be taken care of. Officer Geller told me he used to be a Sgt. back in 2007 and I had nothing to worry about, that Wildberger thought he got away, I started a argument with inmate Wildberger then I rushed him trying to elbow him in the face that's when Officer Geller called in on the radio and acted like Wildberger attacked me and him." (*Id*., p. 6). On the Documentary or Physical Evidence Disposition form, petitioner refused to participate and identified no evidence. (*Id*., pp. 7-8).

A disciplinary hearing was held on August 16, 2011. (*Id*., p. 9). Petitioner refused to appear at the hearing. (*Id*., pp. 9-10). Petitioner was found guilty of the disciplinary charge. The disciplinary team provided the following written statement of the reasons for its decision:

> Based on the Statement of Facts and the Investigative Report the inmate did spit at Inmate Evans striking Officer Geller in the neck. All evidence was reviewed and considered. The inmate refused to participate in the DR hearing. A copy of the DC6-112 was completed and attached. The status memo from Mental Health was reviewed and attached. The inmate was notified that he had 15 days to appeal the team's decision.

(*Id*., p. 9). Attached to the disciplinary hearing team's written statement is a form DC6-112, titled "24 Hour/Refusal to Appeal Waiver". (*Id*., p. 10). The form, signed by a Department of Corrections employee on August 16, 2011, states: "My signature attests to the fact that the inmate was given the opportunity to be present at the

disciplinary hearing and that the inmate voluntarily refused to be present and refused to participate in attesting to that decision by signing this form." (*Id.*). Also attached to the disciplinary team's written statement is a memorandum from Psychological Services Director D. Miller dated August 9, 2011. (*Id.*, p. 11). Director Miller indicates that at the time of the disciplinary infraction, petitioner was not suffering from a mental disorder or retardation so severe that he did not know what he was doing, its consequences, or that it was wrong. Director Miller further indicates that at the time of the disciplinary hearing, petitioner was mentally competent to undergo a disciplinary hearing. (*Id.*). As a result of the conviction, petitioner spent 60 days in disciplinary confinement. (*Id.*, p. 9). Petitioner did not lose any gain-time. (*Id.*). Petitioner's administrative appeals were unsuccessful, having concluded on October 26, 2011. (Doc. 16, Ex. 2). Petitioner did not seek review of his disciplinary conviction in the state courts through mandamus or certiorari. On August 9, 2011, petitioner filed a lawsuit in the Small Claims Division of the County Court for Santa Rosa County, Florida, seeking $4,000.00 in damages against Officer Geller and two other correctional officers claiming they retaliated against him for filing grievances by writing him DRs and encouraging other inmates to assault him. (Doc. 16, Ex. 3).

Petitioner filed his federal habeas petition in this Court on November 22, 2011. (Doc. 1, p. 6). The petition presents two grounds for relief: (1) that mental health was not contacted prior to the DR being written, in violation of DOC Rule 33-404.108; and (2) that petitioner was denied due process because he was denied the right to call witnesses, denied the right to an investigation and denied the right to participate in the disciplinary hearing. (Doc. 1, p. 4; Doc. 2). When asked on the petition form if he raised his claims in state court by direct appeal, 3.850 motion, or

otherwise, petitioner wrote, "N/A". (*Id.*, pp. 4-5). As relief, petitioner requests that the disciplinary conviction be expunged and that he be awarded the gain-time he was unable to earn because of the conviction. (*Id.*, p. 6).

Respondent asserts a procedural default defense, arguing that petitioner did not exhaust his state court remedies prior to bringing this action and is now procedurally barred from doing so. Respondent further argues that petitioner's claim does not present a cognizable constitutioanl claim. (Doc. 14).

DISCUSSION

Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S.

---

[2]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of
> an innocent person is extremely rare. To be credible, such a claim

requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

In Florida, a challenge to a prison disciplinary proceeding is properly filed as a petition for writ of mandamus in the appropriate circuit court. *See Bush v. State*, 945 So. 2d 1207 (Fla. 2006); *Woullard v. Bishop*, 734 So. 2d 1151, 1152 (Fla. 1st DCA 1999) (holding that a petition for writ of mandamus is the appropriate remedy for seeking review of a prison disciplinary proceeding allegedly conducted in violation of constitutional requirements or the rules of the Department of Corrections). If mandamus relief is denied, the prisoner may seek further review by filing a petition for writ of certiorari in the Florida First District Court of Appeal.

Respondent asserts, and petitioner does not dispute, that as of the filing date of respondent's answer, April 11, 2012, petitioner had not pursued mandamus or certiorari relief in the state courts. (Doc. 14, p. 7). Petitioner instead came directly to this Court. Petitioner is now procedurally barred by the applicable statute of limitations from returning to state court to challenge his disciplinary conviction. *See* Fla. Stat. § 95.11(8). Section 95.11(8) provides:

> Any court action challenging prisoner disciplinary proceedings conducted by the Department of Corrections pursuant to s. 944.28(2) must be commenced within 30 days after final disposition of the prisoner disciplinary proceedings through the administrative grievance process under chapter 33, Florida Administrative Code. Any action challenging prisoner disciplinary proceedings shall be barred by the court unless it is commenced within the time period provided by this section.

Similarly, Florida Rule of Appellate Procedure 9.100(c)(4), requires that a

petition challenging an order of the Department of Corrections entered in prisoner disciplinary proceedings be filed within thirty (30) days of rendition of the order to be reviewed. An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. Fla. R. App. P. 9.020(h); *see also Ortiz v. Moore*, 741 So. 2d 1153, 1154 (Fla. 1st DCA 1999). As provided in 33-103.007(8)(a), Florida Administrative Code, the final response of the Secretary "shall be stamped 'MAILED/FILED WITH AGENCY CLERK' along with the date mailed; the response shall be mailed on the same date that it is stamped. The response is deemed filed with the agency clerk on the date that it is stamped and mailed. The time period for appeal begins to run on the date that the response is stamped and mailed."

Petitioner's grievance appeal received final disposition on October 26, 2011, when the Office of the Secretary mailed its decision denying petitioner's administrative appeal. (Doc. 14, Ex. 2). Petitioner had thirty days from October 26, 2011 to seek judicial review of his disciplinary conviction. Petitioner did not seek judicial review within that limitations period, and his failure to do so renders his present challenge procedurally defaulted for purposes of federal habeas review. Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of his claims.

Merits

Petitioner's federal habeas petition may be denied on the merits notwithstanding his procedural default. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). "The touchstone of Due Process is freedom from arbitrary governmental action, but prison

disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply ." *Ponte v. Real*, 471 U.S. 491, 495, 105 S. Ct. 2192, 85 L. Ed. 2d 553 (1985) (internal quotation omitted). In *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), the Supreme Court established five requirements as the process an inmate is due in disciplinary proceedings. First, the inmate must receive an adequate, written notice of the charges. Second, the inmate must receive this written notice at least 24 hours before his hearing. Third, the inmate must have an opportunity, as limited by safety needs or correctional goals, to call witnesses and present documentary evidence in his defense. Fourth, the fact-finder must make a written record of both the evidence and the reasons for taking disciplinary action. This written record must show that the disciplinary committee's findings were based on "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). Fifth, where circumstances warrant, the inmate should receive the help of an inmate or staff member. *Wolff*, 418 U.S. at 570.

The foregoing five procedural safeguards apply only when the prisoner's duration of confinement is adversely effected by the loss of gain-time credits, or the prisoner is subjected to confinement that is "atypical and [creates a] significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 478, 484, 115 S. Ct. 2293, 132 L .Ed. 2d 418 (1995). Without either the loss of gain-time credits or "atypical" confinement, "the Due Process Clause itself [affords no] protected liberty interest that [invokes] the procedural protections set forth in *Wolff*." *Conner*, 515 U.S. at 487. Because petitioner lost no gain-time, and because 60-days disciplinary confinement alone is not "the type of

atypical, significant deprivation in which a State might conceivably create a liberty interest," 515 U.S. at 486, the petition lacks merit and must be denied. *See e.g. Rogers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (finding that inmate failed to show deprivation of a protected liberty interest where the inmate was in segregated confinement for two months); *see also, e.g., Smith v. Reg'l Dir. Fla. Dep't. of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010) (finding that inmate failed to state a claim for a due process violation where he was subjected to fifteen and thirty days in disciplinary confinement); *Ferguson v. Buss*, No. 4:10cv232/MP/WCS, 2011 WL 3625703, *1 (N.D. Fla.) (concluding that inmate's placement in disciplinary confinement for sixty days did not implicate a liberty interest protected by procedural due process), *Report and Recommendation adopted*, 2011 WL 3611407 (N.D. Fla. Aug. 17, 2011).

Petitioner does not have a liberty interest in the mere opportunity to earn gain time. *See Fogle v. Pierson*, , 435 F.3d 1252 (10th Cir. 2006) (distinguishing between the divestment of credit already earned, which does implicate a liberty interest, and the loss of the opportunity to earn credits that are discretionarily awarded, which does not involve a constitutionally protected liberty interest); *Abed v. Armstrong*, 209 F.3d 63, 66-67 (2nd Cir. 2000) (holding that although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit where, as here, prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (applying *Sandin* and holding that the loss of the opportunity to earn gain time is not a constitutionally protected liberty interest); *see also, e.g., Hartley v. Warden of Fla. State Prison*, 352 F. App'x 368, 371 (11th Cir. 2009) ("[T]he loss of the eligibility to earn incentive gain-time

provided by Florida law is not a sufficient liberty interest to invoke the protections of the Due Process Clause.").

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as the respondent in this cause.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1) challenging the disciplinary conviction dated August 16, 2011 (disciplinary report log number 135-111005) be DENIED, and the Clerk be directed to close the file.

2. That a certificate of appealability be DENIED.

At Pensacola, Florida this 16th day of April, 2013.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).